**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MICHAEL STOKES,** | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | **EP-22-CV-00271-ATB** |
| | § | |
| **CARCAVBA, LLC,** *doing business as THE* | § | |
| *TOOL BOX BAR*, | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**[1]

Plaintiff Michael Stokes, a photographer, brought this copyright-infringement action against Defendant Carcavba, LLC, doing business as "The Tool Box Bar," alleging that it posted flyers on its Facebook page with edited versions of his two copyrighted photographs.

Before the Court is Plaintiff's "Motion for Summary Judgment" (ECF No. 25) ("Motion"), in which he seeks summary judgment under Federal Rule of Civil Procedure 56 for his copyright infringement claim. Defendant failed to respond to Plaintiff's Motion. For the reasons below, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's Motion.

**I.   BACKGROUND**

**A.   Undisputed Factual Background**

Plaintiff is a professional photographer.[2] His work often features photographs of nude or semi-nude models, including amputee-veterans, which he compiles into table-books.[3] Among his works include: (1) a photograph of shirtless male models Michael Houston and Adam Simmons

---

[1] On December 20, 2022, the parties consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge. ECF No. 14.

[2] Mot., Ex. 1 at ¶ 5 [hereinafter, Ex. 1 as Stokes Decl.], ECF No. 25-1.

[3] *Id.* ¶¶ 6, 8, 11.

wearing white sailor hats and white pants, while kissing and embracing one another inside a

submarine or battleship ("Photograph 1");[4] and (2) a photograph of partially dressed male model

Colin Wayne in military fatigues in front of two cannons with his right hand raised to his upper-

left chest during a cloudy day ("Photograph 2").[5]

 

Plaintiff registered Photograph 1 with the U.S. Copyright Office on October 19, 2015, under

Registration No. Vau1-222-629 ("629 Registration").[6]  He did the same with Photograph 2 on

October 21, 2015, under Registration No. Vau1-224-488 ("488 Registration").[7]

---

[4] *Id.* ¶ 19; Mot., Ex. 1(A).

[5] Stokes Decl. ¶ 21. Mot., Ex. 1(B).

[6] Mot., Ex. 1(C) [hereinafter, the "629 Registration"].

[7] Mot., Ex. 1(D) [hereinafter, the "488 Registration"].

Defendant owns and operates a bar in El Paso, Texas called "The Tool Box Bar."[8] Defendant operates a social media account on Facebook in which it advertises and promotes its bar events.[9]  On November 7, 8, 9, and 10, 2018, Defendant posted the following flyer ("Flyer 1")[10] on its Facebook page:



On November 11, 2018, Defendant also posted the following flyer ("Flyer 2")[11] on its Facebook page:

---

[8] Answer to Am. Compl. ¶ 6.

[9] Mot., Ex. 2(A) at 8 (Answer to Interrogatory No. 5), ECF No. 25-2.

[10] *Id.*; Mot., Ex. 2(D) at CAR000001–CAR000005.

[11] Mot., Ex. 2(A) at 8 (Answer to Interrogatory No. 5); Mot., Ex. 2(D) at CAR000006–CAR000007.



Over three years later, on March 16, 2022, Plaintiff observed five posts displaying Flyer 1 and two posts displaying Flyer 2 on Defendant's Facebook page.[12]  Plaintiff and Defendant have executed no license agreement, and Defendant is not Plaintiff's customer.[13]

### B.    Procedural Background

On August 10, 2022, Plaintiff brought this lawsuit asserting a single claim for direct copyright infringement of Photograph 1 under the Copyright Act, 17 U.S.C. § 501 *et seq.*  As relief, Plaintiff seeks (i) the greater of either actual or statutory damages; (ii) an injunction against the infringing use of his works; (iii) costs and reasonable attorney fees; and (iv) pre-judgment interest.  *See* Complaint, ECF No. 1.  Defendant answered on September 12, 2022.  *See* Answer, ECF No. 5.  On December 15, 2022, Plaintiff moved for leave to file an amended complaint, which

---

[12] Stokes Decl. ¶¶ 31–32, 34.

[13] Mot., Ex. 2(C) at 34 (Answers to Request for Admission 12 & 13).

the Court granted the next day.  *See* ECF Nos. 11–12.  In his "Amended Complaint" (ECF No. 13), Plaintiff added allegations about Defendant's alleged infringement of Photograph 2 and requested the same relief.  On December 22, 2022, Defendant answered Plaintiff's Amended Complaint.  *See* Answer to Am. Compl., ECF No. 15.  On September 16, 2023, Plaintiff filed this Motion, seeking summary judgment on liability and damages.  *See generally* Mot.  Defendant failed to respond to Plaintiff's Motion.

## II.     STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine fact dispute exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law."  *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009), *aff'd sub nom. Sossamon v. Texas*, 563 U.S. 277 (2011) (citation omitted).

The moving party bears the initial burden of establishing that no genuine fact dispute exists, either by pointing to evidence so establishing, or by pointing out a lack of evidence to support the nonmovant's case.  Fed. R. Civ. P. 56(c)(1)(A)–(B); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25 (1986).  The burden then shifts to the nonmovant to show that a genuine fact dispute exists. *Anderson*, 477 U.S. at 248–50.  To do so, the nonmovant may not rely on his pleadings; he must point to "specific facts showing that there is a genuine issue for trial."  *Celotex Corp.*, 477 U.S. at 324.

When ruling on a summary judgment motion, courts should review all evidence in the record and draw all reasonable inferences in the nonmovant's favor, but they may not make

credibility determinations or weigh the evidence.  *See Reeves v. Sanderson Plumbing Prods.*, Inc., 530 U.S. 133, 150–51 (2000).  Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence.  *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

When, as here, a nonmovant failed to respond to a movant's summary judgment motion, courts cannot grant summary judgment as unopposed for failure to respond.  *See Bustos v. Martini Club Inc.*, 599 F.3d 458, 468 (5th Cir. 2010) (citations omitted).  But "[t]he failure to respond to a summary judgment motion leaves the movant's facts undisputed."  *Flowers v. Deutsche Bank Nat. Tr. Co.*, 614 F. App'x 214, 215 (5th Cir. 2015) (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)).  In such cases, courts "need only decide whether those undisputed facts are material and entitle the movant to judgment as a matter of law."  *Id.* (same).

### III.    DISCUSSION

By his Motion, Plaintiff moves for summary judgment on his copyright infringement claim on liability and damages.  On liability, Plaintiff argues that (1) he possesses valid copyrights over Photographs 1 and 2; and (2) Defendant infringed those copyrights by posting Flyers 1 and 2, which contain edited versions of the Photographs, on its Facebook page.  *See* Mot. at 10–14.  On damages, Plaintiff seeks a total sum of $71,940.00 in statutory damages—that is, $35,970.00 for each Photograph infringed—because he argues that Defendant's copyright infringement was willful.  *See id.* at 14–20.  Because Defendant failed to respond to Plaintiff's Motion, the Court considers as undisputed the facts established by Plaintiff's competent summary judgment evidence.

After due consideration and viewing the evidence in Defendant's favor, the Court concludes that Plaintiff carries his Rule 56 burden on liability but not on damages.

### A.      Liability for Copyright Infringement

To prevail on a copyright infringement claim, plaintiffs must show (1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity.  *Beatriz Ball, LLC v. Barbagallo Co.,* 40 F.4th 308, 315 (5th Cir. 2022).

### *1.      Ownership*

"Copyright ownership is shown by proof of originality and copyrightability in the work as a whole and by compliance with applicable statutory formalities."  *Batiste v. Lewis*, 976 F.3d 493, 501 (5th Cir. 2020) (citations omitted).  One such statutory formality is registration.  *See* 17 U.S.C. § 410(c).  "A certificate of registration, if timely obtained, is *prima facie* evidence both that a copyright is valid and that the registrant owns the copyright."  *Batiste*, 976 F.3d at 501.

Here, Plaintiff establishes that he owns the copyrights to Photographs 1 and 2 as a matter of law.  He asserts that the 629 Registration shows that he registered Photograph 1 with the U.S. Copyright Office on October 19, 2015, under the title of "Unpublished Photos – Michael Stokes Photography 2015."[14]  He also asserts that the 488 Registration shows that he did the same with Photograph 2 on October 21, 2015, under the title of "Unpublished Photos – Michael Stokes Photography 2013."[15]

To be sure, neither Registration lists any photo identification numbers, descriptions, or specific titles that would allow the Court to discern whether they cover Photographs 1 and 2. Indeed, the "Title of Work" and "Content Title" sections in both Registrations indicate that each

---

[14] *See* Stokes Decl. ¶ 20.

[15] *See id.* ¶ 22.

covers multiple photographs.[16]   Nor did Plaintiff file any documents reflecting the deposit materials[17] submitted in support of the Registrations.

Whether the Registrations cover the Photographs bears on Plaintiff's compliance with "[7 U.S.C.] § 411(a)'s requirement that registration of the copyright claim has been made" before pursuing his infringement claim in court. *See Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) ("[R]egistration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights."). But because Plaintiff stated in a declaration, under penalty of perjury, that he personally registered Photographs 1 and 2 under their own Registration, and Defendant fails to dispute these assertions, the Court concludes that Plaintiff establishes that he owns the copyrights to the Photographs and that such copyrights are presumptively valid. *See* 17 U.S.C. § 410(c); *see also Masi v. Moguldom Media Grp. LLC*, No. 18 Civ. 2402, 2019 WL 3287819, at *4 (S.D.N.Y. July 22, 2019) (concluding that plaintiff's sworn declaration and deposition testimony established ownership and validity despite that the registration failed to specify the photographs covered by it). Thus, Plaintiff establishes the first element of his copyright infringement claim.

## 2.   *Factual Copying*

After establishing ownership of a valid copyright, plaintiffs must next prove "factual" copying, which requires proof that the defendant "actually used the copyrighted material to create his own work." *Batiste*, 976 F.3d at 502 (citations omitted). Absent direct evidence of copying, which is hard to come by, plaintiffs can raise an inference of factual copying from (1) proof that

---

[16] *See* 629 Registration (covering an unknown number of "Unpublished Photos" of 18 models); 488 Registration (covering a total of 205 "Unpublished Photos" of 32 models).

[17] Under 17 U.S.C. § 407, the owner of the copyright or of the exclusive right of distribution must deposit in the U.S. Copyright Office, for the use of the Library of Congress, "two complete copies of the best edition" of the work "within three months" after such work is first published.

defendants had access to the copyrighted work before creation of the infringing work and (2) probative similarity. *Id.* (citations omitted).  Plaintiffs can show probative similarity by pointing to "any similarities between the two works," even with unprotectable elements, "that, in the normal course of events, would not be expected to arise independently." *Id.* (citations omitted). "A strong showing of probative similarity can make up for a lesser showing of access." *Id.* (same).  Indeed, plaintiffs may establish factual copying without any proof of access if the works are "so strikingly similar . . . as to preclude the possibility of independent creation." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 142 (5th Cir. 2004) (citations omitted).

Before analyzing whether Plaintiff establishes the second element, the Court pauses to address a procedural matter: whether courts may, at the summary judgment stage, determine the similarity—both "probative similarity" (the second element) and "substantive similarity" (the third element)—between two works as a matter of law.  In his Motion, Plaintiff first collapses the analyses required for both elements into one.  *See* Mot. at 12–14.  He then argues that while juries typically determine whether two works are substantially similar, summary judgment is appropriate "if, after viewing the evidence and drawing inferences in a manner most favorable to the nonmoving party, [the court] determines that a reasonable jury could find substantial similarity of ideas and expression." *Id.* at 13.  In support, Plaintiff cites the Fifth Circuit's opinion in *General Universal Systems, Inc. v. Lee*, 379 F.3d 131 (5th Cir. 2004).  *See id.*  But Plaintiff misreads *Lee* and flips the summary judgment standard because it is the *nonmovant* who may *defeat* summary judgment (not the other way around) by showing that "a reasonable jury could return a verdict" in its favor after establishing that a genuine fact dispute exists. *See Wilcox v. Wild Well Control, Inc.*, 794 F.3d 531, 535–36 (5th Cir. 2015), *as revised* (Aug. 11, 2015).

Instead, *Lee* simply reaffirmed the ruling in *Peel & Co. v. Rug Market*, 238 F.3d 391 (5th Cir. 2001), that courts may, at the summary judgment stage, determine that two works are *not* substantially similar as a matter of law when no reasonable juror could find substantial similarity of ideas and expression between the works:

> Typically, the question whether two works are substantially similar should be left to the ultimate factfinder, but "summary judgment may be appropriate *if the court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the nonmoving party, that no reasonable juror could find substantial similarity of ideas and expression*."

*Lee*, 379 F.3d at 142 (quoting *Peel*, 238 F.3d at 395 (emphasis added)); *see also Herzog v. Castle Rock Ent.*, 193 F.3d 1241, 1247 (11th Cir. 1999) ("[N]on-infringement may be determined as a matter of law on a motion for summary judgment, either because the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or because no reasonable jury, properly instructed, could find that the two works are substantially similar."), *cited with approval in Lee*, 379 F.3d at 142 n.18.  To date, the Fifth Circuit continues to affirm *Peel*.  *See, e.g.*, *Digital Drilling Data Sys., LLC v. Petrolink Servs., Inc.*, 965 F.3d 365, 374 (5th Cir. 2020) ("'While the question of substantial similarity typically should be left to the factfinder, summary judgment may be appropriate if the court can conclude . . . that no reasonable juror could find substantial similarity.'" (quoting *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 550 (5th Cir. 2015) (quoting, in turn, *Peel*, 238 F.3d at 395))).

But the Fifth Circuit has yet to address whether courts may do the inverse: determine, at the summary judgment stage, that two works are substantially similar as a matter of law when no reasonable juror could reach a different conclusion.  Other sister courts have relied on *Peel*'s ruling to conclude that courts may do so, although none have explained why that is true.  *See, e.g.*, *Canadian Standards Ass'n v. P.S. Knight Co.*, 649 F. Supp. 3d 334, 348 (W.D. Tex. 2023) ("The

issue of substantial similarity is generally an issue of fact for the jury. However, where no reasonable jurors could disagree, summary judgment is appropriate." (citing *Peel*, 238 F.3d at 395)).[18]

To be sure, *Peel* does not explicitly support that a court may determine, at the summary judgment stage, that two works are substantially similar as a matter of law when no reasonable juror could reach a different conclusion. But that does not mean this proposition contravenes *Peel*. Also, the Fifth Circuit has neither ruled against nor foreclosed this proposition. If anything, such ruling would be problematic because it ignores those cases in which direct proof of copying exists—such as when defendants concede copying the original works.[19] Moreover, other circuit courts have approved of courts determining, at the summary judgment stage, that two works are substantial similar as a matter of law when the works are "so overwhelmingly identical." *See, e.g., Andy Warhol Found. for Visual Arts, Inc. v. Goldsmith*, 11 F.4th 26, 53 (2d Cir. 2021) ("Though

---

[18] *See also Fed'n of State Massage Therapy Boards v. Mendez Master Training Ctr., Inc.*, 393 F. Supp. 3d 557, 569 (S.D. Tex. 2019) ("While substantial similarity is often a question for the factfinder, summary judgment is appropriate 'when the similarities between plaintiff's and defendant's works are so overwhelming as to preclude the possibility of independent creation' and the court finds that no reasonable juror could reach a contrary conclusion." (*quoting Flowserve Corp. v. Hallmark Pump Co.*, No. 4:09-CV-0675, 2011 WL 1527951, at *4 (S.D. Tex. Apr. 20, 2011))); *Flowserve*, 2011 WL 1527951, at *4 ("Certainly 'while the general rule is that the question of substantial similarity is one for the jury, a court may nonetheless be justified in ruling for a plaintiff on a summary judgment motion when the similarities between plaintiff's and defendant's works are so overwhelming as to preclude the possibility of independent creation.'" (*quoting Wood v. B L Bldg. Co.*, No. CIV.A.H-03-713, 2004 WL 5866352, at *9 (S.D. Tex. June 22, 2004) (*citing, in turn, Biggs v. Cabela's, Inc.*, No. 4:03-CV-0205-A, 2004 WL 530167, at *4 (N.D. Tex. Feb. 23, 2004))); *Biggs*, 2004 WL 530167, at *4 ("While the question of substantial similarity normally is to be left to the fact-finder, summary judgment is appropriate if the court decides that no reasonable juror could make a finding contrary to the one the court concludes is compelled by the summary judgment record." (*citing Peel*, 238 F.3d at 395)).

[19] *See, e.g., Segrets, Inc. v. Gillman Knitwear Co.*, 207 F.3d 56, 62 (1st Cir. 2000) (affirming summary judgment for plaintiff on actual copying because uncontradicted testimony of defendant's designer indicated that she bought the original works and sent them to overseas manufacturer for use as models for defendant's sweaters); *Rogers v. Koons*, 960 F.2d 301, 307 (2d Cir. 1992) (Where defendant undisputedly provided original photograph and gave "explicit instruction that the work be copied," such "undisputed direct evidence of copying [was] sufficient to support the district court's granting of summary judgment.").

substantial similarity often presents a jury question, it may be resolved as a matter of law where access to the copyrighted work is conceded, and the accused work is so substantially similar to the copyrighted work that reasonable jurors could not differ on this issue." (citations omitted), *aff'd sub nom. Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508 (2023); *Twentieth Century-Fox Film Corp. v. MCA, Inc.*, 715 F.2d 1327, 1330 (9th Cir. 1983) ("A grant of summary judgment for plaintiff is proper where works are so overwhelmingly identical that the possibility of independent creation is precluded."  (citing *Peter Pan Fabrics, Inc. v. Dan River Mills, Inc.,* 295 F. Supp. 1366, 1369 (S.D.N.Y.), *aff'd,* 415 F.2d 1007 (2d Cir. 1969)).  The Ninth Circuit's opinion in *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980 (9th Cir. 2017), is particularly instructive on why this proposition remains consistent with Rule 56:

> Allowing district courts to grant summary judgment for plaintiffs in copyright cases plays an important role in preserving the effect and weight of Rule 56.  When the works are "so overwhelmingly identical that the possibility of independent creation is precluded," [*Twentieth Century–Fox Film*, 715 F.2d at 1330,] there is simply "no genuine dispute as to any material fact," Fed. R. Civ. P. 56(a).  As we have previously emphasized, "if Rule 56 is to be of any effect, summary judgment must be granted in certain situations." *Twentieth Century–Fox Film*, 715 F.2d at 1330 n.6.  If courts were never permitted to grant summary judgment in favor of plaintiffs on the issue of copying, even for identical works, the effect of Rule 56 would be substantially diluted.
>
> We conclude that a district court may grant summary judgment for plaintiffs on the issue of copying when the works are so overwhelmingly similar that the possibility of independent creation is precluded.

*Unicolors*, 853 F.3d at 987.

And contrary to Plaintiff's argument, with its references to "the issue of copying" (and not to "substantive similarity" alone), together with the footnote right after this passage, the Ninth Circuit seems to suggest that even if the works are overwhelmingly similar, courts must still separately analyze their "probative similarity" and "substantial similarity."  *See id.* n.2 ("The district court held that the works are substantially similar.  In our review of this issue *de novo*, we

clarify that the works are not only substantially similar, but strikingly similar.")  This makes sense: "probative similarity" relates to any similar elements, copyrightable or not, between the two works; while "substantial similarity" relates only to the similar copyrightable elements between them.  *See Batiste*, 976 F.3d at 502.  So, for example, even if two works are overwhelmingly similar and a court determines, at the summary judgment stage, that they are "probatively similar" as a matter of law, the court may still determine that they are not "substantially similar" if the similarities between the works all involve noncopyrightable elements.  *See Boisson v. Banian, Ltd*, 273 F.3d 262, 268 (2d Cir. 2001) ("Simply because a work is copyrighted does not mean *every* element of that work is protected.") (emphasis added).

In sum, absent Fifth Circuit guidance, the Court finds *Unicolors* persuasive and adopts its conclusion: at the summary judgment stage, courts may determine the similarity—both "probative similarity" (the second element) and "substantive similarity" (the third element)—between two works as a matter of law, when the works are so overwhelmingly identical that no reasonable juror could reach a different conclusion.  With that in mind, the Court concludes that it may determine the "probative similarity" between the Photographs and the Flyers as a matter of law because, even when viewing the evidence in Defendant's favor, the works are so "overwhelmingly similar" that no reasonable juror could reach a different conclusion.

Turning back to whether Plaintiff establishes factual copying as a matter of law, although without any direct evidence of copying, or any evidence addressing Defendant's access to Photographs 1 and 2, the similarities between the Photographs and Flyers are so striking that they "can only be explained by copying, rather than by coincidence, independent creation, or a prior common source."  *Mendez*, 393 F. Supp. 3d at 570 (citations omitted).  To begin, Photograph 1 and Flyer 1 both depict Michael Houston and Adam Simmons as two muscular, shirtless sailors

wearing white sailor hats and white pants, who are kissing and embracing one another.  Indeed, the only reasonable conclusion a jury could reach is that Flyer 1 has Photograph 1's sailors (with their same pose, bodies, and clothing) superimposed against a sbackground filled with floating ballons of the American flag and its colors, and subjacent to the Tool Box Bar's text advertising Veteran's Day weekend event offers.  Similarly, Photograph 2 and Flyer 2 both depict a partially dressed Colin Wayne in military fatigues with his right hand raised to his upper-left chest.  Although Flyer 2 has the right-half of Wayne's body twice (one mirroring the other) in its lateral edges, his pose, clothing, and tattooed body are identical to those in Photograph 2.  Thus, the only reasonable conclusion a jury could reach is that Flyer 2 has the mirroring halves of Wayne's body in Photograph 2 superimposed against a camouflaged background (with black, and dark and light purple tones), and subjacent to the Tool Box Bar's text advertising event offers "In Honor of our Veterans."

| **Photograph 1** | **Flyer 1** |
| --- | --- |

 

**Photograph 2**                                **Flyer 2**

 

### 3.    *Substantial Similarity*

After establishing factual copying, plaintiffs must next show substantial similarity (or "actionable" copying), which requires them to establish "that the allegedly infringing work is substantially similar to protectable elements of the infringed work."  *Batiste*, 976 F.3d at 502 (citations omitted).  This usually requires a "side-by-side comparison" of the works' protectable elements "to determine whether a layman would view the two works as 'substantially similar.'" *Id.* (citations omitted).  Substantiality is measured by considering "the qualitative and quantitative importance of the copied material to the plaintiff's work as a whole."  *Id.* (same).

As discussed above, the Court concludes that it may determine whether the Photographs and Flyers are "substantially similar" as a matter of law because, even after viewing the evidence in Defendant's favor, they are so overwhelmingly identical that no reasonable juror could reach a different conclusion.  The Court further concludes that Plaintiff establishes, as a matter of law, that the Photographs and Flyers are "substantially similar" when viewed in a side-by-side comparison

because the Flyers copy all the Photographs' copyrightable elements—that is, their original artistic elements.

True, the subject matter of a photograph—here, partially dressed military service members—is not copyrightable.  *See Sahuc v. Tucker*, 300 F. Supp. 2d 461, 465 n.4 (E.D. La. 2004), *aff'd sub nom. Sahuc v. Mohiuddin*, 166 F. App'x 157 (5th Cir. 2006).  That is because copyright law protects only the original expression of a concept and not the concept itself.  *See* 17 U.S.C.§ 102(b); *Boisson*, 273 F.3d at 268.  Nor are the likenesses and poses of the models in Photographs 1 and 2 copyrightable.  *See* Melville B. Nimmer & David Nimmer, *1 Nimmer on Copyright* § 1.17 ("The name and likeness [of a person] do not become works of authorship simply because they are embodied in a copyrightable form, such as a photograph."); *Gentieu v. John Muller & Co.,* 712 F. Supp. 740, 742 (W.D. Mo. 1989) ("[T]he plaintiff cannot claim a copyright on the idea of photographing naked babies. Neither can the poses in which those babies are photographed be the proper material for copyright.").

 But the selection and arrangement of the subjects' position, clothing, lighting, shading, color, and angle are all "concrete" original artistic elements of "[a] photographer's craft" that are copyrightable.  *See Leigh v. Warner Bros.*, 212 F.3d 1210, 1215 (11th Cir. 2000); *see also Rogers*, 960 F.2d at 307 ("Elements of originality in a photograph may include posing the subjects, lighting, angle, selection of film and camera, evoking the desired expression, and almost any other variant involved.") (citing *Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 60 (1884))). Here, aside from the Flyers' different backgrounds and text, all the original artistic elements of Photographs 1 and 2 remain in place; indeed, the models' depictions in Flyers 1 and 2 are overwhelmingly identical to those in the Photographs.  As discussed above, the only reasonable

conclusion that a jury could reach is that the Flyers have the Photographs' depiction of the models superimposed on different backgrounds and subjacent to the Tool Box Bar's advertising text.

Because Plaintiff establishes all three elements of his copyright infringement claim, the Court GRANTS his Motion regarding liability.

### B.    Damages for Copyright Infringement

The Copyright Act allows plaintiffs to recover either actual damages and the infringer's profits, or statutory damages.   17 U.S.C. § 504(a).   Plaintiffs may elect to recover statutory damages if their work was registered before the defendant's infringement.  *See id.* § 412.  Plaintiffs electing statutory damages are entitled to an award between $750 and $30,000 per work infringed, "as the court considers just."  *Id.* § 504(c)(1).  For willful infringement, the maximum permissible award per infringed work rises to $150,000.   *Id.* § 504(c)(2).   Plaintiffs establish that an infringement is "willful" upon a showing that (1) the defendant knew it was infringing on the copyright holder's rights, or (2) the defendant's actions resulted from "reckless disregard" for, or "willful blindness" to, the copyright holder's rights.  *See Berg v. Symons*, 393 F. Supp. 2d 525, 539 (S.D. Tex. 2005) (quoting *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005)).

In his Motion, Plaintiff elects to recover statutory damages. Mot. at 14–15.  Plaintiff may do so because he registered Photographs 1 and 2 in October 2015 before Defendant's infringement in November 2018.[20]   Plaintiff asks the Court to award him a total of $71,940.00 in statutory damages ($35,970.00 for each Photograph infringed) because he argues that Defendant's infringement was willful.  *See id.* at 18–20.  Specifically, Plaintiff argues that Defendant (1) admitted not having a license to use the Photographs; (2) "removed the watermark from the

---

[20] *See* the 629 Registration; the 488 Registration.

Photographs (or otherwise cropped [the] same)"; (3) knew "full-well that almost any internet search engine will provide notice that images returned in any search result either are or may be subject to copyright"; and (4) despite having notice of this litigation, continues to display and refuses to remove Flyers 1 and 2 from its Facebook page. *Id.* at 19. Plaintiff then arrives at the $35,970.00 award per work infringed by arguing that it represents three times the estimated lost licensing fee of $11,990.00—which he in turn obtains from Getty Images, "the leading stock photography agency," for allegedly comparable stock photographs used for analogous commercial advertising. *See id.* at 15–18.

But the Supreme Court has held that "the Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355 (1998). So just as with any determination of liability under Rule 56, if Plaintiff fails to show that no genuine fact dispute exists and to establish as a matter of law that he is entitled to the requested statutory damages award, then the jury "is to try the material facts" and decide the amount of statutory damages to award Plaintiff. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007) (quoting *Plaisance v. Phelps*, 845 F.2d 107, 108 (5th Cir. 1988)).

Here, after reviewing the proffered evidence in his Motion, the Court concludes that Plaintiff fails to carry his burden under Rule 56 on his request for $71,940.00 in statutory damages. To begin, Plaintiff fails to present sufficient evidence to establish that Defendant's infringement was willful. Although it is undisputed that Plaintiff and Defendant have executed no license agreement, or that Defendant is not Plaintiff's customer,[21] Plaintiff cites no competent summary judgment evidence to support that Defendant knew it was infringing on Plaintiff's copyrights, or

---

[21] Mot., Ex. 2(C) at 34 (Answers to Request for Admission 12 & 13).

that its actions resulted from "reckless disregard" for, or "willful blindness" to, his copyrights.  *See*

Mot. at 19.  In fact, all assertions in Plaintiff's declaration about Defendant's willfulness are either

conclusory, speculative, or begin with the phrase "[u]pon information and belief."[22]  *See Provident*

*Life & Acc. Ins. Co. v. Goel*, 274 F.3d 984, 1000 n.79 (5th Cir. 2001) (statements made on belief

or "on information and belief" cannot be used on a summary judgment motion); *see also* Fed. R.

Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on

personal knowledge, set out facts that would be admissible in evidence, and show that the affiant

or declarant is competent to testify on the matters stated.").

     Plaintiff also fails to present sufficient competent summary judgment evidence to establish

that a lost licensing fee for each Photograph "is worth no less than" $11,990.00.  Mot. at 20.  First,

Plaintiff's argument relies only on his own declaration and provides no expert declaration

supporting the reliability of the methodology he used to estimate the lost licensing fee.  To be sure,

Plaintiff could testify as his own expert so long as he meets the requirements of Federal Rule of

Evidence 702.  *See Song v. Turtil*, No. 21CIV2269VBAEK, 2022 WL 1239590, at *5 (S.D.N.Y.

Apr. 27, 2022) (finding that plaintiff failed to satisfy the requirements of Rule 702 to serve as his

own expert).  Yet Plaintiff provides nothing in the record to show that he satisfies the Rule's

requirements.  And second, while a reasonable factfinder could agree that the requested statutory

damages award is also warranted because Defendant's infringement could harm Plaintiff's

business and tarnish his reputation with the Photographs' models and the military community,

Plaintiff's relevant assertions in his declaration cannot support such a finding as a matter of law.

Like his assertions on Defendant's willfulness, Plaintiff's assertions on the potential harm to his

---

[22] *See* Stokes Decl. ¶¶ 46, 48–53.

business and reputation are based on his own belief and not personal knowledge.[23]  *See Goel*, 274 F.3d at 1000 n.79.

Because Plaintiff fails to carry his burden under Rule 56 on damages, the Court DENIES his Motion regarding damages.

## IV.    CONCLUSION

For all these reasons, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff Michael Stokes' "Motion for Summary Judgment" (ECF No. 25).  The Court **GRANTS** Plaintiff's motion with respect to liability but **DENIES** Plaintiff's motion in all other respects.

**So ORDERED and SIGNED this _8th_ day of March 2024.**

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

---

[23] *See* Stokes Decl. ¶¶ 41, 43–45, 55.