## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **MICHAEL STOKES,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **EP-22-CV-00271-ATB** |
| | § | |
| **CARCAVBA, LLC,** *doing business as* | § | |
| *THE TOOL BOX BAR***,** | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM ORDER

On August 29, 2024, the parties informed the Court via email that they had reached a settlement in principle over Plaintiff Michael Stokes's copyright-infringement claims against Defendant Carcavba, LLC, doing business as "The Tool Box Bar," and were drafting a settlement agreement. *See* Order, ECF No. 47. On November 7, 2024, Plaintiff filed a "Stipulation of Voluntary Dismissal" (ECF No. 51) under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Before the Court is Plaintiff's "Motion to Reopen Case and to Enter Judgment" (ECF No. 54) ("Motion"), in which he asks the Court to reopen the case and enforce the parties' settlement agreement (the "Settlement Agreement") after Defendant defaulted on its monthly payments. Plaintiff argues that, under Rule 60(b)(1) or (b)(6),[1] the Court should reopen the case and enter judgment because the parties'

---

[1] In his Motion, while Plaintiff expressly cites "mistake or oversight" as the basis for his Rule 60(b) request, Mot. at 4, he mistakenly cites Rule 60(b)(4)—which addresses void judgments—instead of Rule 60(b)(1), which covers mistake, inadvertence, surprise, or excusable neglect. *See* Fed. R. Civ. P. 60(b)(1), (b)(4).

failure to request retention of jurisdiction in their Stipulation of Voluntary Dismissal was a mistake or oversight.  *Id.* at 4.

Federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Even if federal courts initially had jurisdiction, a dismissal "ordinarily—and automatically" divests them of the power to hear the case. *Vikas WSP, Ltd. v. Econ. Mud Prods. Co.*, 23 F.4th 442, 451 (5th Cir. 2022).  Indeed, a stipulation of voluntary dismissal under Rule 41(a)(1)(A)(ii) is "effective immediately" and renders subsequent action by the federal court "superfluous" and without "force or effect."  *Whittier v. Ocwen Loan Servicing, LLC*, 128 F.4th 724, 726 (5th Cir. 2025).

So, a federal court's jurisdiction over a case settled and voluntarily dismissed under Rule 41(a)(1)(A)(ii) "cannot extend past the filing date [of the stipulation] absent an express contingency or extension of jurisdiction."  *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461 (5th Cir. 2010).  This expression can occur in one of two ways: (1) the court issues an order expressly retaining jurisdiction over—or expressly incorporating the terms of—the settlement agreement before the stipulation is filed; or (2) the stipulation expressly depends on the court issuing such an order.  *Whittier*, 128 F.4th at 727.  Without either, a party's request to enforce a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."  *Kokkonen*, 511 U.S. at 377.

- 2 -

Here, all that the November 7, 2024 Stipulation of Voluntary Dismissal provides is the following:

> IT IS HEREBY STIPULATED AND AGREED by and between the parties and/or their respective counsel(s) that, whereas no party in this action is an infant or incompetent, the above-captioned action is voluntarily dismissed with prejudice pursuant to the Federal Rules of Civil Procedure 41(a)(1)(A)(ii) with each party to bear its respective attorney's fees and costs.

Stip. Vol. Dismissal at 1, ECF No. 51.  It includes no express contingency or extension of jurisdiction, nor did the parties request that the Court retain jurisdiction.  Thus, the dismissal on November 7, 2024, was "effective immediately," divesting this Court of jurisdiction and rendering any subsequent action "superfluous" and without "force or effect."  *Whittier*, 128 F.4th at 726; *Vikas*, 23 F.4th at 451.

So, Plaintiff's request to reopen the case and enforce the Settlement Agreement "requires its own basis for jurisdiction."  *Kokkonen*, 511 U.S. at 377.  Under these circumstances, the Fifth Circuit has held that only two options may remain for Plaintiff: ancillary jurisdiction or relief under Rule 60(b).  *See Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 416 (5th Cir. 2018).

On one hand, the doctrine of ancillary jurisdiction empowers a federal court to (1) resolve "factually interdependent" claims or (2) address issues necessary to "manage [its] proceedings, vindicate its authority, and effectuate its decrees."  *Id.* (citing *Kokkonen*, 511 U.S. at 379–80).  But Plaintiff cannot rely on the first because it disappears once the original federal dispute is dismissed.  *Id.* (citations omitted).  Nor can Plaintiff rely on the second, as the Court's enforcement authority extends only to collateral matters such as "fees, costs, contempt, and sanctions," "not . . .

enforcing (or vacating) a settlement that prompted a Rule 41(a)(1)(A)(ii) stipulation of dismissal." *Id.* (citations omitted).

On the other hand, "Rule 60(b) permits a court, on motion and just terms, to relieve a party from a final judgment, order, or proceeding." *Waetzig v. Halliburton Energy Servs., Inc.*, 145 S. Ct. 690, 694 (2025) (citing Fed. R. Civ. P. 60(b) (cleaned up)). Rule 60(b) relief is an "extraordinary remedy" because "the desire for a judicial process that is predictable mandates caution in reopening judgments." *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) (cleaned up). Moreover, when parties resolve a case by agreed-upon disposition rather than through a merits determination, the burden to obtain Rule 60(b) relief is "heavier than if one party proceeded to trial, lost, and failed to appeal." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986).

> Rule 60(b) lists six grounds for relief:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Movants relying on subsections (1), (2), or (3) must move "no more than a year after the entry of the [final] judgment or order or date of the [final]

proceeding." *Id.* 60(c)(1).  The last three grounds are less stringent and require movants to file "within a reasonable time." *Id.*

As a threshold matter, while Plaintiff does not explain why the Rule 41(a) voluntary dismissal with prejudice here qualifies as "a final judgment, order, or proceeding" under Rule 60(b), recent case law strongly suggests that it does.  In *Waetzig v. Halliburton Energy Services, Inc.*, 145 S. Ct. 690 (2025), the Supreme Court held that a Rule 41(a) voluntary dismissal *without* prejudice "qualifies as a 'final proceeding' under Rule 60(b)."  *Id.* at 696; *see also Yesh Music v. Lakewood Church*, 727 F.3d 356, 362 (5th Cir. 2013) ("[A] Rule 41(a)(1)(A) voluntary dismissal *without* prejudice qualifies as a 'final proceeding." (emphasis added)).  In doing so, the Supreme Court rejected the respondent's argument that only voluntary dismissals *with* prejudice "impose legal burdens" such that they could qualify as "proceedings" under Rule 60(b).  *Waetzig*. 145 S. Ct. at 699–700.  Although the Supreme Court did not decide whether voluntary dismissals *with* prejudice also qualify as "final proceedings" under Rule 60(b), its reasoning strongly suggests that they do.  *See also Scott*, 899 F.3d at 417 (holding that Rule 60(b) relief extends to "a Rule 41(a)(1)(A) dismissal," without distinguishing between dismissals with or without prejudice).

Even then, however, the Court concludes that Plaintiff "clears Rule 60(b)'s timing hurdle but not its substantive standard" under either subsection (b)(1) or (b)(6).  *Scott*, 899 F.3d at 418.  Plaintiff first argues that Rule 60(b)(1) applies because "the Stipulation of [Voluntary] Dismissal did not include a provision for the Court to

retain jurisdiction" due to "a mistake or oversight," as the Settlement Agreement included a clause requiring such provision.  Mot. at 4.  But Plaintiff's argument fails.

True, Plaintiff timely filed its Rule 60(b)(1) request on June 3, 2025, within one year of the November 4, 2024 Stipulation of Voluntary Dismissal.  And the Settlement Agreement does include a provision requiring that the Stipulation of Voluntary Dismissal "contain a request for the Court . . . to retain jurisdiction to enforce this Agreement."  Mot., Ex. 1 at 3, ECF No. 54-1.  But Plaintiff fails to explain why this alleged mistake or oversight warrants relief under Rule 60(b)(1).  For example, Plaintiff fails to explain when or how he discovered the alleged mistake or oversight.  Nor does he explain why he failed to discover it during the nearly seven months during which he received installment payments from Defendant and issued Notices of Default strictly in accordance with the Settlement Agreement.  *See* Mot., Ex. 1 at 3 (describing process for providing notice of default and filing a confession of judgment held in escrow against Defendant).

What is more, the general rule that "errors in drafting must be construed against the party drafting the document" applies when considering relief after a voluntary dismissal.  *McGregor v. Bd. of Comm'rs of Palm Beach Cnty.*, 956 F.2d 1017, 1022 (11th Cir. 1992).  Because the Settlement Agreement required Plaintiff to "promptly take all steps required to effectuate the dismissal" of this case, including drafting the Stipulation of Voluntary Dismissal—which had to "contain a request for the Court . . . to retain jurisdiction to enforce this Agreement"—any errors must be construed against Plaintiff.  Mot., Ex. 1 at 3.

It follows then, that without more, Plaintiff's sole justification for relief is his counsel's own carelessness, which does not warrant relief under Rule 60(b)(1).  As the Fifth Circuit has held, courts do "not abuse [their] discretion by denying a Rule 60(b) motion when the proffered justification for relief is the mistake or carelessness of the party's own counsel."  *U.S. Bank Tr. Nat'l Ass'n as Tr. of Tiki Series IV Tr. v. Walden*, 124 F.4th 314, 321 (5th Cir. 2024).  To the contrary, when the proffered justification for Rule 60(b)(1) relief stems solely from an attorney's negligence or carelessness, reopening the case would itself be an abuse of discretion.  *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).[2]

Nor does Plaintiff's argument for Rule 60(b)(6) relief fare any better. Subsection (b)(6) is "mutually exclusive" from the rule's other clauses and extends relief only in "extraordinary circumstances."  *Scott*, 899 F.3d at 419.  In evaluating whether "extraordinary circumstances" exist, courts may consider "the risk of injustice to the parties," "the risk that the denial of relief will produce injustice in other cases," and "the risk of undermining the public's confidence in the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988).

---

[2] Other circuit courts hold similar views.  *See, e.g., United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cnty., Ala.*, 920 F.2d 788, 792 (11th Cir. 1991) ("[A]ttorney negligence or oversight is rarely grounds for relief."); *Lomas and Nettleton Co. v. Wiseley,* 884 F.2d 965, 967 (7th Cir. 1989) (district court would abuse its discretion to grant Rule 60(b) relief based on attorney negligence); *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir. 1986) ("Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).").

Here, Plaintiff fails to explain how his request under subsection (b)(6) is "mutually exclusive" from his request under subsection (b)(1), or what "extraordinary circumstances" justify relief from the Stipulation of Voluntary Dismissal. In fact, the Settlement Agreement confirms that the circumstances here are far from extraordinary, as the parties expressly anticipated the possibility that the Court might decline to retain jurisdiction to enforce the Settlement Agreement: "If the Court refuses or declines to retain jurisdiction over the Agreement, [Defendant] consents to the filing of the Confession of Judgement [sic] Affidavit pursuant to Section 4 above, in New York or Texas." Mot., Ex. 1 at 3. Because the parties planned for this scenario and preserved alternative remedies, which remain available, there is no risk of injustice to the parties or in other cases, nor any threat to public confidence in the judicial process, that would warrant relief under Rule 60(b)(6).

To that end, the Court concludes that Plaintiff has failed to meet the "heavier" burden required to obtain Rule 60(b) relief from the Stipulation of Voluntary Dismissal. *See Nemaizer*, 793 F.2d at 63.[3]

---

[3] As noted above, in his Motion, Plaintiff mistakenly cites Rule 60(b)(4), which applies only to void judgments. Mot. at 4. "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Sec. & Exch. Comm'n v. Novinger*, 40 F.4th 297, 302 (5th Cir. 2022). So, even when assuming that Plaintiff also sought relief under subsection (b)(4), his request would also fail because he neither alleges a jurisdictional error nor a due process violation, and the record does not support either.

- 9 -

For all these reasons, the Court **DENIES** Plaintiff Michael Stokes' "Motion to Reopen Case and to Enter Judgment" (ECF No. 54).

**So ORDERED and SIGNED this 10th day of June 2025.**

_____

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**